**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4417
Telephone: 602/258-7701
Telecopier: 602/257-9582

Peter J. Borns – #020998
pborns@rcalaw.com
Charitie L. Hartsig – #025524
chartsig@rcalaw.com

Attorneys for Defendant *The Better Business Bureau, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| New York Studio, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>The Better Business Bureau, Inc., an Arizona non-profit corporation; The Better Business Bureau of Greater St. Louis, Inc., a Missouri non-profit corporation; Better Business Bureau of Alaska, Oregon and Western Washington, a Washington non-profit corporation; and Council of Better Business Bureaus, Inc., a Delaware non-profit corporation,<br><br>Defendants. | No. 2:10-cv-02078 SRB<br><br>**MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER AND PERSONAL JURISDICTION**<br><br>(Assigned to the Honorable Susan R. Bolton) |

Defendants Better Business Bureau, Inc. (the "Phoenix BBB") and The Better Business Bureau of Greater St. Louis, Inc. (the "St. Louis BBB") move to dismiss the Amended Complaint filed by Plaintiff New York Studio, Inc. ("NYS") for lack of subject matter jurisdiction. In addition, the St. Louis BBB also seeks dismissal due to lack of personal jurisdiction.

**I.     THE COURT LACKS SUBJECT-MATTER JURISDICTION**

The Amended Complaint filed by NYS in this action alleges common law claims of defamation, tortious interference and conspiracy against four defendants. [*See*

1336068.1
11/11/10

Amended Complaint (document 7), filed October 18, 2010]  NYS alleges no federal causes of action or any matters raising federal questions.  [*Id.*]

NYS alleges that subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1332, in part, "because all three parties are citizens of different states."  [*Id.* at ¶6]  NYS's jurisdictional allegation is incorrect.  Although the original Complaint involved only three parties (NYS and two defendants), the Amended Complaint added two additional defendants, including Defendant Council of Better Business Bureaus, Inc. ("CBBB").  As Plaintiff NYS and Defendant CBBB are both Delaware corporations [*id.* at ¶¶ 2, 5], complete diversity no longer exists within Plaintiff's pleading.

It is well established that when a party adds a non-diverse party via its amended pleading, diversity is destroyed and subject-matter jurisdiction in federal court ends.  *E.g.*, *Lac Vieux Desert Band of Lake Superior Chippewa Indians Holdings Mexico, LLC v. Atlico USA*, 2009 WL 411560 (D. Ariz. 2009) (holding that joinder of a federally recognized Indian Tribe as a plaintiff destroyed complete diversity among the parties and remanding case to state court); *Rusyniak v. Gensini*, 629 F.Supp.2d 203, 228 n.50 (N.D.N.Y.,2009) ("The Court notes that, if Plaintiffs were permitted to amend their Amended Complaint so as to assert a claim against Gioia Gensini (a New York State resident), then 'complete diversity' between the parties . . . would be destroyed." (citations omitted)); *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F.Supp.2d 807, 823 (N.D.Ohio, 2008) ("For jurisdictional purposes, the City is a citizen of Ohio.  Based on the operative complaint, no defendant is a citizen of Ohio, so the parties are completely diverse, and this Court has subject matter jurisdiction.  However, the party the City seeks to add by way of its amended complaint, JP Morgan, also is a citizen of Ohio, and its joinder therefore would destroy the Court's diversity jurisdiction.").

The Court should therefore dismiss this action pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure*.

II. **THE COURT LACKS PERSONAL JURISDICTION OVER THE ST. LOUIS BBB**

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003).* NYS cannot meet its burden of demonstrating that personal jurisdiction is appropriate over the St. Louis BBB. Doing so would require NYS to prove that either general or specific personal jurisdiction may be exercised by Arizona courts over the St. Louis BBB. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).*

A. **General Personal Jurisdiction Is Lacking**

General jurisdiction over a defendant occurs when a defendant's contacts with a state are "substantial" or "continuous and systematic," even if the action is unrelated to those contacts. *Id.* "The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence." *Id.* (citations omitted). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id.*

The St. Louis BBB does not sell any product, solicit any business or engage in any business in Arizona. [*See* Affidavit of Michelle Corey, attached as Exhibit "A," at ¶ 4] It is a Missouri corporation, is not registered with the Arizona Corporation Commission, designates no statutory agent in Arizona, and holds no licenses issued by Arizona government. [*Id*. at ¶ 5] The St. Louis BBB operates exclusively within and exclusively serves the greater St. Louis, Missouri area only. [*Id*. at ¶ 6] The St. Louis BBB does not have any contacts remotely approximating a physical or other presence within Arizona. [*Id*. at ¶ 6] Accordingly, general personal jurisdiction does not exist

here.

### B. Specific Personal Jurisdiction Is Lacking

The Ninth Circuit applies a three-part test to determine "whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) The exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010).

#### 1. None Of The St. Louis BBB's Actions Were Directed At Arizona

A distinction is drawn between purposeful availment, which stems from contract actions, and purposeful direction, which stems from tort-based claims. *Id.* Here, because NYS alleges defamation and tortious interference, purposeful direction is the appropriate concept to consider. Purposeful direction itself has three requirements: "the defendant must have (a) committed an intentional act, (b) expressly aimed at the forum state, (c) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.*

Purposeful direction may not be shown against the St. Louis BBB in this case. None of the actions of the St. Louis BBB were "expressly aimed" at Arizona. As NYS alleges in its Amended Complaint, the St. Louis BBB issued press releases only to the local Missouri media, related to an event planned in Chesterfield, Missouri. [Amended Complaint, at ¶¶30-33]

2.  NYS's Claims Against The St. Louis BBB Do Not Relate To NYS's Arizona Activities

NYS's claim against the St. Louis BBB arises solely from the St. Louis BBB's activities within Missouri, not Arizona. The allegations of the Amended Complaint clearly show that the St. Louis BBB did not seek to apprise anyone other than St. Louis area residents about concerns related to NYS and activities it planned to conduct in St. Louis. The St. Louis BBB would have had no cause to issue any consumer warning to those in its community had NYS not planned an event in the St. Louis area. NYS therefore is incapable of establishing the second prong of the specific jurisdiction test.

3.  Exercise of Personal Jurisdiction In This Court Is Not Reasonable

Finally, the exercise of personal jurisdiction in Arizona over a Missouri defendant due to its Missouri conduct related to a Delaware plaintiff's event in Missouri is inherently unreasonable.

In sum, the Court should dismiss the St. Louis BBB from this action in conjunction with Rule 12(b)(2) of the *Federal Rules of Civil Procedure*.

## III.  **CONCLUSION**

For the foregoing reasons, the Court should at a minimum dismiss the claims asserted by NYS against the St. Louis BBB due to a lack of personal jurisdiction, and the Court should dismiss NYS's Amended Complaint in its entirety due to a lack of subject-matter jurisdiction.

DATED this 12th day of November, 2010

RYLEY CARLOCK & APPLEWHITE

By /s/Peter J. Borns
   Peter J. Borns
   Charitie L. Hartsig
   One North Central Avenue, Suite 1200
   Phoenix, Arizona  85004-4417
   Attorneys for *The Better*
    *Business Bureau, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically transmitted the attached Motion to Dismiss for Lack of Subject-Matter and Personal Jurisdiction using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing were transmitted electronically to:

>Steven M. White
>White Berberian PLC
>60 E. Rio Salado Pkway, Ste. 900
>Tempe, Arizona 85251
>swhite@wbazlaw.com

Courtesy copy mailed this 12th day of November, 2010, to:

>Joseph E. Martineau
>Lewis, Rice LC
>600 Washington Ave., Ste. 2500
>St. Louis, MO 63101
>Of counsel for The Better Business Bureau of Greater St. Louis, Inc.

>William S. Weinstein
>2001 Western Avenue, Suite 400
>Seattle, WA 98121
>Counsel for Better Business Bureau of Alaska, Oregon and Western Washington

Courtesy copy delivered/emailed this 12th day of November, 2010 to the Honorable Susan R. Bolton.

DATED this 12th day of November, 2010.

/s/Gina Zamora