Steven M. White (#020061)
Paul D. Ticen (#024788)
**WHITE BERBERIAN PLC**
60 E. Rio Salado Pkwy., Suite 900
Tempe, Arizona  85281
Tel:  (480) 626-2783
Fax:  (480) 718-8368
E-mail:  swhite@wbazlaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| NEW YORK STUDIO, INC., | NO.  CV-10-2078-PHX-SRB |
| Plaintiff, | |
| v. | **PROPOSED JOINT CASE MANAGEMENT PLAN** |
| THE BETTER BUSINESS BUREAU, INC., | |
| Defendant. | |

Pursuant to the Court's Order Setting Scheduling Conference filed January 25, 2011, the parties and counsel hereby submit their joint report.

1. The nature of the case, setting forth in brief statements the factual and legal basis of Plaintiff's claims and Defendant's defenses.

    a. Factual and Legal Basis of Plaintiff's Claims and Defendant's Defenses

        i. Defamation – Plaintiff claims that Defendant knowingly published numerous false statements concerning Plaintiff.  Specifically, Plaintiff claims that Defendant falsely stated that (1) Plaintiff is the same company or is affiliated with a company called ACT; (2) there have been thirty-nine (39) consumer complaints filed against Plaintiff in the past thirty-six (36) months (as of August 2010), twenty (20) of which were "serious complaints"; and (3) that Plaintiff is an acting and modeling agency.  Plaintiff also claims that these statements were published by Defendant to Plaintiff's customers, potential customers and to media outlets for re-publication to Plaintiff's customers and potential customers.

1374829.1
2/28/11

Defendant disputes the falsity of the statements made in its reporting, and that any statements made were defamatory. Defendant also asserts that a conditional privilege applies to its statements, and that no abuse of such privilege, or the requisite level of fault necessary to sustain a defamation claim, occurred. Defendant further disputes that its statements caused any actual harm to Plaintiff.

          ii.      Tortious Interference – Plaintiff claims that Defendant's false and defamatory statements were made with the intent to interfere with Plaintiff's contractual and prospective business relationships with its affiliates, customers, and potential customers and that those statements actually did interfere with those relationships.

Defendant disputes that committed any act with the intent to interfere with Plaintiff's contractual or prospective business relationships, and Defendant denies knowledge of any such relationships. Defendant further disputes that any of its actions caused interference with any such relationship or caused any damages to Plaintiff.

    2.    A list of the elements of proof necessary for <u>each</u> count of the Complaint and each Affirmative Defense. Where the burden of proof shifts, each party shall list the elements of proof that party must prove in order to prevail. The list of the elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, U.S. Supreme Court case law, Ninth Circuit of Appeals case law, Arizona State case and statutory law, or other authority as dictated by conflicts of law rules).

        a.    Plaintiff's Elements of Proof (claims)

          i.    Defamation – At a minimum, it is Plaintiff's burden to demonstrate: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.[1]

---

[1] Restatement (Second) of Torts §558; *see also* Ledvina v. Cerasani, 213 Ariz. 569, 572, 146 P.3d 70, 73 (Ariz. Ct. App. 2006) ("in the absence of clearly controlling precedent, Arizona's courts view the Restatement [(Second) of Torts] as authority for resolving questions concerning rules in defamation cases.").

2

     ii. Tortious Interference – It is Plaintiff's burden to demonstrate: (1) The existence of valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted.[2]

  b. Defendant's Elements of Proof (affirmative defenses)

     i. Statute of Limitations – It is Defendant's burden to demonstrate that part or all of Plaintiff's claims are barred by the applicable statute of limitations, including A.R.S. § 12-541, and the single-publication rule stated in Restatement 2d of Torts, §577A, and A.R.S. § 12-542.

     ii. Estoppel – It is Defendant's burden to prove that "the party estopped [Plaintiff], with full knowledge of the facts, must have asserted a particular right inconsistent with the one which he later sets up, to the prejudice of another [Defendant] who has relied on his first conduct. *Avery v. Drane*, 77 Ariz. 328, 333, 271 P.2d 480, 483 (1954).

     iii. Laches – It is Defendant's burden to prove: (1) Plaintiff unreasonably delayed in asserting its claims, and (2) resulting prejudice to Defendant occurred. *In re: Gloria*, 194 Ariz. 201, 204, 979 P.2d 529, 532 (App. 1999).

     iv. Unclean Hands – It is the Defendant's burden to prove that Plaintiff comes to the court complaining of injury despite the willful misconduct of Plaintiff. *See Weiner v. Romley*, 94 Ariz. 40, 43, 381 P.2d 581, 583 (1963).

     v. Conditional Privilege – It is Defendant's burden to prove that it is entitled to a conditional privilege as set forth in Restatement 2d of Torts § 596 by showing that "the circumstances lead any one of several persons having a common interest in a particular subject matter correctly or reasonably to believe that there is information that another sharing the common interest is entitled to know." *See Antwerp Diamond*, 130 Ariz. at 530, 637 P.2d at 740.

---

[2] *Antwerp Diamond Exch. of Am., Inc. v. Better Bus. Bureau of Maricopa County, Inc.*, 130 Ariz. 523, 530, 637 P.2d 733, 740 (1981).

          vi.        Contribution Among Tortfeasors/Failure to Mitigate – It is Defendant's burden to prove that its percentage of fault is less than 100% and that fault should be allocated to Plaintiff and other non-parties at fault per A.R.S. § 12-2501 *et seq*. due to Plaintiff's failure to mitigate its own damages or otherwise.

        Defendant has also stated various affirmative defenses which are based upon a theory that Plaintiff will fail to meet its burden of proof, including those matters set forth in paragraphs 33 (truth), 35 (lack of damages) and 38 (malice and intent required for punitive damages) of its Answer. Plaintiff bears the burden of proof, but Defendant is capable of defeating claims by affirmatively establishing that various elements cannot be proven. Finally, Defendant bears the burden of proving that part of all of Plaintiffs' claims fail to state a claim upon which relief may be granted for any of the foregoing reasons.

3.       The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion.

      a.       Whether the statements made in Defendant's "business reliability report" and other statements made by Defendant concerning Plaintiff were false or defamatory.

      b.       Whether the statements made in Defendant's "business reliability report" and other statements made by Defendant concerning Plaintiff are subject to the conditional privilege described in *Antwerp Diamond*, 130 Ariz. At 528, 637 P.2d at 738, and if so, whether Defendant abused that conditional privilege by making statements known to be false or with reckless disregard as to their truth or falsity.

      c.       Whether Defendant sustained any actual harm and damages as a result of Defendants statements.

      d.       Whether Defendant's statements interfered with Plaintiff's contractual and prospective business relationships with its affiliates, customers, and potential customers.

      e.       Whether Defendant intended that its statements interfered with any known contractual and prospective business relationships with its affiliates, customers, and potential customers of Plaintiff.

4.       This Court has jurisdiction over this action pursuant to 28 U.S.C. s 1332.

1      5.     All parties have been served and have answered.

2      6.     All current parties are subject to the Court's jurisdiction.

3      7.     The Parties anticipate filing dispositive or partially dispositive motions in this case, but it is premature to specifically identify the issues addressed in such motions.

        8.     The parties prefer that this case not be referred to a United States Magistrate Judge.

        9.     After voluntarily dismissing its claims against three other defendants in this action due to those entities' assertion of a lack of personal jurisdiction in this court, the Plaintiff has initiated lawsuits against those entities in courts where personal jurisdiction cannot be contested.

        10.     The parties will exchange disclosures under Rule 26(a), Federal Rules of Civil Procedure, on or before March 11, 2011.

        11.     The Parties propose the following case deadlines:

             a.     seeking leave to amend pleadings and join parties – March 31, 2011;

             b.     completing fact discovery – September 30, 2011;

             c.     filing dispositive motions – October 28, 2011;

             d.     engaging in good faith settlement discussions, and unless the parties determine no reasonable likelihood of settlement exists, completing private mediation or judicial settlement conference – November 23, 2011;

             e.     disclosing expert testimony under Rule 26(a)(2)(c) of the Federal Rules of Civil Procedure:

                  (i)     Plaintiff's Initial – Plaintiff proposes February 6, 2012, Defendant proposes April 2, 2012.

                  (ii)     Defendant's Initial – Plaintiff proposes March 5, 2012, Defendant proposes June 4, 2012.

                  (iii)     completing Expert depositions —Plaintiff proposes April 2, 2012, Defendant proposes July 6, 2012

1    (iv)   Rebuttal Opinions – Plaintiff proposes April 16, 2012; Defendant proposes July 16, 2012.

f.   disclosing all required pretrial disclosures under Rule 26(a)(3) of the Federal Rules of Civil Procedure – Plaintiff proposes May 16, 2012, Defendant proposes July 6, 2012;

g.   scheduling of the final pretrial conference – Plaintiff proposes June 2012. Defendant proposes August 2012.

12.   Discovery should be conducted in different phases for fact and expert matters, as set forth above.

13.   The Parties agree that the presumptive limitations on discovery imposed by the Federal Rules of Civil Procedure are controlling, however, the parties reserve the right to alter those limits by agreement of the parties or by leave of Court..

14.   The Parties estimate that the case will be ready for trial 30 days after the final pretrial conference or ruling on dispositive motions, whichever is later, and believe that the trial will require 3-5 days.

15.   Plaintiff requests a trial by jury.

16.   The parties plan to privately discuss settlement.  But if they are unsuccessful, they believe that a settlement conference may be appropriate.

17.   This action is not a class action, of a case appropriate for complex track case management purposes.

18.   The parties do not believe that this case involves any unusual, difficult, or complex problems that would require the case to be placed on the complex track for case management purposes.

DATED this 7th day of March, 2011.

                    **WHITE BERBERIAN PLC**

                    By    /s/ Paul D. Ticen
                        Steven M. White
                        Paul D. Ticen
                        60 East Rio Salado Pkwy., Ste. 900
                        Tempe, Arizona 85281
                        *Attorney for Plaintiff*

                    **RYLEY CARLOCK & APPLEWHITE**

                  By    /s/ Paul D. Ticen for
                        Andrea G. Lisenbee (#019882)
                        Peter J. Borns (#020998)
                        Charitie L. Hartsig (#025524)
                        One North Central Avenue, Suite 1200
                        Phoenix, Arizona 85004-4417
                        *Attorneys for Defendant*

**CERTIFICATE OF FILING AND SERVICE**

Pursuant to the Case Management/Electronic Case Filing Administrative Policies and Procedures Manual ("CM/ECF Manual") of the United States District Court for the District of Arizona, I hereby certify that on March 7, 2011, I electronically filed:

**PROPOSED CASE MANAGEMENT PLAN**

with the U.S. District Court clerk's office using the ECF system, which will send notification of such filing to the assigned Judge and the following:

- Charitie L. Hartsig – chartsig@rcalaw.com
- Peter Joel Borns – pborns@rcalaw.com

　　　　　　　　　　　　　　　　　　 /s/Paul D. Ticen
White Berberian PLC
60 E. Rio Salado Pkwy., Ste. 900
Tempe, Arizona 85281
*Attorneys for Plaintiff*